IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROL DOUGHERTY**, | : CIVIL ACTION - LAW |
| Plaintiff | : JURY TRIAL DEMANDED |
| | : |
| v. | : NO. 1:04-cv-01682-YK |
| | : (Judge Kane) |
| **CIBER, INC.,** | : (Electronically filed) |
| Defendant | : |

_____

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**
_____

**I.   STATEMENT OF FACTS**

When considering a Motion to Dismiss, "[a]ll facts alleged in the Complaint and all reasonable inferences that can be drawn from them must be accepted as true." <u>Malia v. General Electric Co.</u>, 23 F.3d 828, 830 (3rd Cir. 1994).

Plaintiff, Carol Dougherty ("Ms. Dougherty"), was employed by Defendant from September of 1999 until October of 2003. (Complaint ¶¶ 5 & 11). In her last position with Defendant, Ms. Dougherty was employed as a Human Resource Manager. (Complaint ¶ 7). "Throughout her employment with the Defendant, the Plaintiff received annual performance evaluations from Defendant which routinely rated her performance as 'Commendable' or 'Proficient'." (Complaint ¶ 6).

"[O]n October 23, 2003, Ms. Dougherty advised . . . Ann Griffiths, [Defendant's] Vice President/Area Director, . . .

that she believed that CIBER, Inc. was violating the Fair Labor Standards Act in paying certain employees overtime at straight rate instead of at time-and-one-half and also by improperly classifying certain other employees as exempt so as to not pay them any overtime at all." (Complaint ¶ 10). The Defendant suddenly terminated Plaintiff on October 24, 2003, because of her statement to Vice President Griffiths that CIBER, Inc. was not properly paying overtime and not properly classifying employees as "exempt" "and the Defendant's concern that the Plaintiff would personally file, or cause to be filed, a complaint with the Federal Department of Labor concerning this Federal Labor Standards Act violation." (Complaint ¶ 14).

**II.   ISSUE PRESENTED**

    1.   Has Plaintiff sufficiently alleged that she engaged in a protected activity under the FLSA, 29 U.S.C. §215(a)(3)?

**III. ARGUMENT**

    **A.   Ms. Dougherty, as a Human Resource Manager, is an employee and is thus protected by 29 U.S.C. §215(a)(3).**

    The FLSA provides,

it shall be unlawful for any person –

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. §215(a)(3). Employee is defined by the FLSA as, "any individual employed by an employer." 29 U.S.C. § 203(e)(1).[1]

In its brief, Defendant argues that because Plaintiff was an administrative employee of Defendant, she was unable to engage in protected activities. However, this argument violates the clear statutory scheme provided for in the FLSA. Section 213 of the FLSA explains, "[t]he provisions of sections 6 [relating to minimum wage] … and 7 [relating to overtime pay] shall not apply with respect to – any employee employed in a bona fide executive, administrative, or professional capacity. . . ." 29 U.S.C. § 213(a)(1). However, there is no such exception to §215. Therefore §215 applies to any and all employees covered by the definition in §203(e)(1), including administrative employees. If administrative employees were to be exempted from §215, clearly Congress could have provided for

---

[1] There are several exceptions to this definition; however, none of the exceptions apply to Ms. Dougherty. 29 U.S.C. § 203(e)(2)-(4) (exceptions include individuals employed by government agencies, agricultural workers, and volunteers of public agencies).

such an exception as it has for the provisions of §206 and §207. Therefore, Ms. Dougherty is a protected employee.

### B. The Third Circuit Court of Appeals has held that § 215(a)(3) is to be liberally construed.

The Third Circuit Court of Appeals has explained, "The Fair Labor Standards Act is part of a large body of humanitarian and remedial legislation enacted during the Great Depression, and has been liberally interpreted . . . 'Such a statute must not be interpreted or applied in a narrow, grudging manner.' Brock v. Richardson, 812 F.2d 121, 123-24 (3rd Cir. 1987) quoting Tennessee Coal Iron & Railroad Co. v. Muscoda Local No. 123, 321 U.S. 590, 597 (1944).

The Third Circuit Court of Appeals has held that the FLSA's anti-retaliation protection in § 215(a)(3) is to be liberally construed as well. The Third Circuit Court of Appeals has explained "[t]he anti-retaliation provision was designed to encourage employees to report suspected wage and hour violations by their employers." Brock v. Richardson, 912 F.2d 121, 124 (3rd Cir. 1987). The United States Supreme Court has explained,

> Plainly, effective enforcement could thus only be expected if employees felt free to approach officials with their grievances. This end the prohibition of §15(a)(3) against discharges and other discriminatory practices was designed to serve. For it

>  needs no argument to show that fear of
>  economic retaliation might often operate to
>  induce grieved employees quietly to accept
>  substandard conditions.

Mitchell v. Robert DeMario Jewelry, Inc., 361 U.S. 288, 292 (1960). The Third Circuit Court of Appeals has further explained, discussing cases in which a protected activity was found, that "the employee's activities were considered necessary to the effective assertion of employees' rights under the [FLSA], and thus entitled to protection." Brock, 812 F.2d at 124.

In Brock, the Third Circuit liberally construed §215(a)(3) to encompass retaliation against an employee based upon the employer's mistaken belief that the employee engaged in an activity specified in § 215(a)(3). "It is evident that the discharge of an employee in the mistaken belief that the employee has engaged in protected activity creates the same atmosphere of intimidation as does the discharge of an employee who did in fact complain of FLSA violations." Id. at 125. In accord with this rule of liberal construction two cases in the District Court for the Eastern District of Pennsylvania have held that informal complaints to the employer are protected acts under 29 U.S.C. §215(a)(3). Nairne v. Manzo, 1987 WL 9145, 1

(E.D. Pa. 1987) (attached as Exhibit "A"); Coyle v. Madden, 2003 WL 22999 222, 3 (E.D. Pa. 2003) (attached as Exhibit "B").

Therefore, the clear purpose of the FLSA is to encourage the reporting of violations of the statute and to foster an environment in which employees would be free to report suspected violations without fear of losing their jobs. This purpose is thwarted if it does not cover employees who act on behalf of other employees in a way that is necessary for the assertion of the employees' rights. Allowing anti-retaliation protection to employees who make efforts for employers to self correct violations of the FLSA is more consistent with the purposes of the FLSA than not including such activities in the sphere of protection. Indeed, protecting human resource personnel when reporting FLSA violations is "necessary to the effective assertion of employees' rights." Brock 812 F.2d at 124.

    **C.    The cases relied upon by the Defendant conflict with the Third Circuit interpretation of § 215(a)(3).**

Defendant relies primarily upon McKenzie v. Renberg's Inc., 94 F.3d 1478 (10th Cir. 1996) and Nicolaou v. Horizon Media, Inc., 2003 U.S. Dist. LEXIS 16706 (S.D.N.Y. Sept. 23, 2003) for the proposition that an employee, such as Ms. Dougherty, must step outside of her work duties to be protected

under §215(a)(3). However, this interpretation is inconsistent with the aforementioned Third Circuit law of liberal construction, violates the purpose underlying the FLSA, and is contrary to the statutory scheme provided for in the FLSA.

Clearly § 215(a)(3), which applies "to any employee", does not contain any language suggesting that it does not apply to employee who step outside their work duties.

Secondly, the McKenzie and Nicolaou cases are contrary to the liberal interpretation of the statute as instructed by the Third Circuit in Brock. The McKenzie and Nicolaou court's interpretation of § 215(a)(3) would discourage reporting suspected wage and overtime violations by human relations personnel and not encourage such reporting. The McKenzie and Nicolaou decisions foster an environment in which human resource personnel would be fearful of economic retaliation, thereby perpetuating substandard conditions in the workplace.

Nicalaou is also inapposite because the Second Circuit case law requires a formal complaint, institution of a proceeding, or testimony in order to have a claim under §215. Nicalaou at 5. However, as explained above the district courts in this circuit have rejected the basic legal reasoning of Nicalaou by finding that an informal complaint is protected by §215.

**D. The McKenzie and Nicolaou cases relied upon by Defendant are distinguishable from the current case.**

The McKenzie and Nicolaou cases relied upon by Defendant are distinguishable from the present case because in the current case Ms. Dougherty was fired because of concern that she was going to file a complain or would help others to file a complaint. However, in McKenzie and Nicolau the employees voiced a concern to their employers that the FLSA was being violated but there was no allegation that employer terminate the employee out of concern that the employee would file or help others to file a complaint under the FLSA.. McKenzie, 94 F.3d at 1481; Nicolauo, 2003 U.S. Dist. LEXIS at 2-3. In the present case, unlike the cases cited by Defendant, Plaintiff was terminated because of "Defendant's concern that the Plaintiff would personally file, or cause to be filed, a complaint with the Federal Department of Labor…" (Complaint ¶ 14). Therefore, because the Plaintiff in the current case, unlike McKenzie and Nicolauo , was terminated out of concern that she would file a claim, the cases cited by Defendant are distinguishable and thus should not be persuasive in this case.

**IV. CONCLUSION**

        Accordingly, Plaintiff respectfully requests that this Honorable Court deny the Defendant's Motion to Dismiss and find that the Plaintiff has stated a claim upon which relief can be granted.

                                    Respectfully submitted,

                                    STROKOFF & COWDEN, P.C.

                                  By: s/ Elliot A. Strokoff
                                        Elliot A. Strokoff, Esq.
                                        I.D. No. 16677
DATE:    October 19, 2004      132 State Street
                                  PO Box 11903
                                  Harrisburg, PA  17108-1903
                                  (717) 233-5353
                                  Attorney for Plaintiff
                                  Carol Dougherty

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROL DOUGHERTY**, | : CIVIL ACTION - LAW |
| Plaintiff | : JURY TRIAL DEMANDED |
| | : |
| v. | : NO. 1:04-cv-01682-YK |
| | : (Judge Kane) |
| **CIBER, INC.,** | : (Electronically filed) |
| Defendant | : |

_____

**CERTIFICATE OF SERVICE**
_____

      I, the undersigned, certify that I have this day served a true and correct copy of the foregoing electronically and by first class mail, postage prepaid, on the following person(s):

      Robert Tribeck, Esquire      **rtribeck@rhoads-sinon.com**
      Rhoads & Sinon, LLP
      1 South Market Square
      Harrisburg, PA  17101

Dated: 10/19/04      By:__s/Elliot A. Strokoff_____
                                      Elliot A. Strokoff