## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROL DOUGHERTY,** | : | |
| | : | **Civil Action No. 1:04-CV-1682** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **CIBER, INC.** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's motion to dismiss Plaintiff's second amended complaint.  The

motion has been fully briefed and is ripe for disposition.  For the reasons that follow, the motion will be

denied in part and granted in part.

## I.     BACKGROUND

On July 29, 2004, Plaintiff filed the above-captioned complaint, claiming retaliation under

section 215(a)(3) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), by her

former employer, Defendant Ciber, Inc.  (Doc. No. 1.)  Defendant filed a motion to dismiss for failure

to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. No. 5.)  On

November 17, 2004, Plaintiff filed an amended complaint in which she renewed her retaliation claim

under the FLSA (Count I) and added a common law claim for wrongful discharge in violation of public

policy (Count II).  (Doc. No. 13.)  In response, Defendant filed a 12(b)(6) motion with respect to

Count II of Plaintiff's amended complaint; the parties agreed that the original motion to dismiss would

stand as to Count I.

The following facts are taken from Plaintiff's amended complaint (Doc. No. 13) and are

accepted as true for purposes of the pending motions.  See Fed. R. Civ. P. 12(b)(6); United States Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).  Plaintiff began her employment with Defendant on September 27, 1999, as Office Manager.  On January 1, 2003, Plaintiff was promoted to Human Resources Manger.  As part of Plaintiff's job responsibilities, she was required to oversee compliance with federal and state labor and employment laws.  In furtherance of these duties, on October 20 and 21, 2003, Defendant sent Plaintiff to a seminar regarding federal and state wage and hour laws.  The seminar included topics on exempt employees, as well as keeping time records and paying overtime.

On October 23, 2003, at a strategic planning meeting, Plaintiff "advised her immediate supervisor, . . . [the] Vice President/Area Director," of her belief that Defendant was "violating the Fair Labor Standards Act in paying certain employees overtime at straight rate instead of at time-and-one-half and also by improperly classifying certain other employees as exempt so as to not pay them any overtime at all." (Id. at 3.)  Plaintiff was instructed to discuss the matter with Ciber's  Human Resource Director.  However, on the following day, October 24, 2003, Plaintiff was terminated without any warning.  (Id.)

Subsequently, Plaintiff filed the instant action.  Plaintiff claims that the proximate cause of her sudden termination was her statement about Defendant's failure to pay overtime and improper classification of exempt employees.  (Id. at 4.)  Plaintiff further alleges that she was terminated due to fear that she would file a complaint in the future.  (Id.)  Plaintiff claims she has suffered harm in the form of lost wages and fringe benefits.  In its motion to dismiss, Defendant argues that Plaintiff's statement is not a protected activity under section 215(a)(3) of the FLSA, and that Plaintiff's discharge is not in

violation of public policy and in any case is preempted by her federal claim.

## II.    STANDARD OF REVIEW

A motion to dismiss tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, the court accepts as true all factual allegations contained in the complaint and views them in the light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). The plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court should grant a motion to dismiss only if it appears the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985) (citations omitted).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Lake v. Arnold, 112 F.3d 682, 688 (3d Cir. 1997) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds

by Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

## III.   DISCUSSION

### A.   Fair Labor Standards Act Claim

The Fair Labor Standards Act, enacted by Congress on June 25, 1938, has three main

components.  It establishes a minimum wage, requires overtime pay for any hours exceeding forty per

week, and limits the employment of children.  29 U.S.C. §§ 206, 207, 212.  Further, the FLSA

includes an anti-retaliation provision that protects employees who report violations of the FLSA by

making it unlawful for any person to:

> [D]ischarge or in any other manner discriminate against any employee because such
> employee has filed any complaint or instituted or caused to be instituted any proceeding
> under or related to this chapter, or has testified or is about to testify in any such
> proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3).  The elements of a retaliation claim under the FLSA require, at a minimum, a

showing that:  (1) the plaintiff engaged in a statutorily protected activity; (2) the employer took adverse

action subsequent to, or contemporaneous with, such employee activity; and (3) there is a causal

connection between such activity and the employer's action.  Kachmar v. SunGard Data Sys., Inc.,

109 F.3d 173, 177 (3d Cir. 1997) (discussing elements of discriminatory retaliation in context of Title

VII claim); see also Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99, 102 (listing the

same elements for a retaliation claim under the FLSA).  Defendant argues that Plaintiff's statement is

not statutorily protected because it is not one of the protected activities enumerated in section

215(a)(3), and it fails to assert any rights that were adverse to Defendant.  (Doc. No. 6.)  Therefore,

the issue before the Court is whether Plaintiff's statement regarding Ciber's overtime policies is within

4

the meaning of the phrase "has filed any complaint" under the FLSA.  29 U.S.C. § 215(a)(3).

The United States Court of Appeals for the Third Circuit has not directly addressed the issue of whether making an informal complaint to an employer constitutes a protected activity under section 215(a)(3).   Although some courts have narrowly construed the language of section 215(a)(3),[1] many circuits give effect to the remedial nature of the FLSA by affording broad employee protection through a liberal interpretation of section 215(a)(3).  See, e.g., Valerio v. Putnam Assoc., Inc., 173 F.3d 35, 42-43 (1st Cir. 1999) (finding that "filed any complaint" encompasses more than filings with a government agency such that filing of a complaint with an employer may give rise to a retaliation claim); Lambert v. Ackerly, 180 F.3d 997, 1005 (9th Cir. 1999) (holding that "filed any complaint" "extends to employees who complain to their employer about an alleged violation of the Act"); EEOC v. Romero Cmty. Sch., 976 F.2d 985, 989-90 (6th Cir. 1992) (holding that plaintiff's oral complaint to her employer was sufficient to trigger the protection of § 215(a)(3)); Love v. RE/MAX of Am., Inc., 738 F.2d 383, 387 (10th Cir. 1984) (holding that § 215(a)(3) "also applies to the unofficial assertion rights through complaints at work"); EEOC v. White & Sons Enters., 881 F.2d 1006, 1011 (11th Cir. 1975) (concluding that even though the aggrieved parties did not file a formal complaint with a government agency, "the unofficial complaints expressed by the women to their employer about unequal

---

[1]The Second Circuit appears to be the only Circuit to have considered the issue to hold that the FLSA's retaliation provision does not encompass informal workplace complaints.  Lambert v. Genessee Hosp., 10 F.3d 46, 55 (2d Cir. 1993) ("The plain language of this provision limits the cause of action to retaliation for filing formal complaints, instituting a proceeding, or testifying, but does not encompass complaints made to a supervisor."); see also O'Neill v. Allendale Mutual Ins. Co., 956 F. Supp. 661, 663 (E.D. Va. 1997) (dismissing complaint for failure to engage in any of the enumerated protected activities); Clevinger v. Motel Sleepers, Inc., 36 F. Supp. 2d 322, 323 (W.D. Va. 1999) (holding that an oral complaint to an employer is not a protected activity under § 215(a)(3)).

pay constitute an assertion of rights protected under the [FLSA]").

Similarly, the United States Court of Appeals for the Third Circuit has instructed that the language of the anti-retaliation provision should be construed liberally. Brock v. Richardson, 812 F.3d 121, 123-24 (3d Cir. 1987) (citing Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 597 (1944) (holding that the remedial provisions of the Fair Labor Standards Act "must not be interpreted or applied in a narrow, grudging manner")). In Brock, an employee was discharged because the employer mistakenly believed that the employee filed a complaint with the Department of Labor. 812 F.3d 121. The Third Circuit concluded that the discharge created the "same atmosphere of intimidation as does the discharge of an employee who did in fact complain of FLSA violations." Id. at 125; see also Fogarty v. Boles, 121 F.3d 886, 891 (3d Cir. 1997) (holding that because the FLSA is aimed at eliminating an atmosphere of intimidation, the discharge of employees under the mistaken impression that they had participated in protected statutory activity is enough to establish a violation of the Act). The Third Circuit noted that courts have looked to the "animating spirit" of the anti-retaliation provision in "applying it to activities that might have not been explicitly covered by the language" of section 215(a)(3). Brock, 812 F.3d at 124. Further, the Court reasoned that the FLSA was designed to encourage employees to report suspected violations and therefore "the key to construing the anti-retaliation provision is the need to prevent employees' fear of economic retaliation for voicing grievances about substandard conditions." Id. (citing Mitchell v. Robert DeMario Jewelry, Inc., 361 U.S. 288, 292 (1960) ("it needs no argument to show that fear of economic retaliation might often operate to induce aggrieved employees [to quietly] accept substandard conditions")).

In applying the interpretation announced in Brock, several district courts within the Third Circuit

have held that informal complaints to employers are protected activities under section 215(a)(3).  See, e.g., Chennisi v. Communications Constr. Group, No. 04-4826, 2005 WL 387594, at *2 (E.D. Pa. Feb. 17, 2005); Coyle v. Madden, No. 03-4433, 2003 WL 22999222 (E.D. Pa. Dec. 17, 2003).  In concluding that an internal complaint to an employer regarding a violation of the FLSA is a protected activity under § 215(a)(3), one court in the Eastern District reasoned that in order to achieve the "remedial and humanitarian" purpose of the FLSA, it is necessary to make an internal complaint a protected activity.  Chennisi, 2005 WL 387594, at *2 (quoting Tenn. Coal, 321 U.S. at 597).  Under a narrower construction, informal settlement of complaints would be discouraged, as an employee would be required to take legal action in order to preserve her FLSA rights.  Cf. Valerio, 173 F.3d at 43 (noting that a narrow interpretation of the Act "would have the bizarre effect both of discouraging early settlement attempts and creating an incentive for the employer to fire an employee as soon as possible after learning the employee believed he was being treated illegally").  Accordingly, this Court agrees that the Third Circuit's liberal interpretation of the phrase "filed any complaint" affords employees who make informal complaints protection under section 215(a)(3).

Although not specifically required by the FLSA, Defendant argues that the phrase "filed any complaint" implies that an assertion of rights adverse to the employer is a prerequisite for protection under section 215(a)(3).  This issue has not specifically been addressed in the Third Circuit; however, Defendant argues that opinions from the First, Second, and Tenth circuits regarding similar situations are persuasive on the issue before this Court.  Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99 (1st Cir. 2004);  McKenzie v. Renberg's Inc., 94 F.3d 1478 (10th Cir. 1996); Nicolaou v.

Horizon Media, Inc., No. 01-0785, 2003 WL 22208356 (S.D.N.Y. Sept. 23, 2003).[2]

Although the United States Court of Appeals for the Tenth Circuit does not require official complaints, it does require an "assertion of statutory rights . . . by taking some action adverse to the company -- whether via formal complaint . . . complaining to superiors about the inadequate pay, or otherwise -- that is the hallmark of protected activity under § 215(a)(3)." McKenzie, 94 F.3d 1478. In McKenzie, a personnel director, who was responsible for monitoring compliance with federal labor and wage laws, notified the attorney and president of the company and was subsequently fired.  The Tenth Circuit held that the employee did not engage in activity that was protected under the FLSA's anti-retaliation provision.  Id. at 1486-87.  The Court reasoned that:

> In order to engage in protected activity under section 215(a)(3), the employee must step outside his or her role of representing the company and either file (or threaten to file) an action adverse to the employer, actively assist other employees in asserting FLSA rights, or otherwise engage in activities that reasonably could be perceived as directed towards the assertion of rights protected by the FLSA.

Id.  As a result, the Tenth Circuit found that the employee's action was consistent with her duties as personnel director and therefore she did not take a position adverse to her employer or assert any rights under the FLSA.  Id. at 1487.

The United States Court of Appeals for the First Circuit also does not require official complaints, but following the reasoning of the Tenth Circuit, it does require an assertion of statutory rights by taking some action adverse to the employer in order for that activity to be protected under

---

[2]Defendant's reliance on Nicolaou is misplaced because, unlike the Third Circuit, the Second Circuit applies a narrow interpretation of the anti-retaliation provision to exclude informal complaints from the protection of section 215(a)(3) and is therefore not analogous to the case before the Court. See Nicolaou, 2003 WL 22208356, at *1-2.

section 215(a)(3).  Claudio, 375 F.3d 99.  In Claudio,the First Circuit held that an employee's report

of overtime violations was not a protected activity under section 215(a)(3) because the employee's

report was in furtherance of his job responsibilities the employee "never crossed the line from being an

employee merely performing h[is] job . . . to an employee lodging a personal complaint."  Id. at 102-03

(quoting McKenzie, 94 F.3d at 1486).

Both of these courts interpret the key to protection under the FLSA's anti-retaliation provision

as the assertion of a right that is adverse to the employer.  Claudio, 375 F.3d at 102-03; McKenzie, 94

F.3d at 1487.  However, the Third Circuit has focused on the "animating spirit" of the anti-retaliation

provision in "applying it to activities that might have not been explicitly covered by the language" of

section 215(a)(3).  Brock, 812 F.3d at 124.  Moreover, the Third Circuit has stated that "the key to

construing the anti-retaliation provision is the need to prevent employees' fear of economic retaliation

for voicing grievances about substandard conditions."  Id.  Thus, unlike the interpretation of the First

and Tenth circuits, which narrowly construes "any complaint" to require an assertion of rights adverse

to the employer, the Third Circuit has interpreted the anti-retaliation provision of the FLSA broadly.

Furthermore, in Brock, where the employee took no action to notify the employer, Plaintiff here has

alleged that she advised Defendant of her belief that Defendant was in violation of the FLSA by not

paying proper overtime rate to some employees and improperly classifying other employees as exempt

from overtime.  See Brock, 812 F.3d 121.  Although Plaintiff's complaint was not made on her own

behalf, it made Defendant aware of potential violations.  See York v. City of Wichita Falls, Tex., 944

F.2d 236, 241 (5th Cir. 1991) (one employee may assert coverage on behalf of all, and fact that

employee who asserted coverage may ultimately be deemed exempt from FLSA is not fatal to claim

under section 215(a)(3) of the FLSA).  If proven, Plaintiff's statement would serve to notify Defendant about the substandard conditions and afford Defendant the opportunity to come into compliance with the FLSA, which is consistent with the FLSA's remedial and humanitarian purpose.  Holding otherwise would be contrary to the provision's purpose of preventing fear of economic retaliation and encouraging employees to raise concerns about possible wage and overtime violations.

Accordingly, this Court finds that if Plaintiff's allegations are proven, her conduct is consistent with the remedial nature of the FLSA and would constitute a complaint in accordance with the Third Circuit's interpretation of section 215(a)(3).  Therefore, Plaintiff has sufficiently pled a cause of action under section 215(a)(3) of the FLSA and Defendant's motion to dismiss Count I will be denied.

## B.      Wrongful Discharge Claim

In Count II of her amended complaint, Plaintiff asserts that her discharge was wrongful and in violation of public policy.  In Pennsylvania, a common-law cause of action for wrongful discharge is not generally recognized for at-will employees.  Paul v. Lankenau Hosp., 569 A.2d 346 (Pa. 1990).  "An exception to this general rule has been recognized in the very limited circumstances, where allowing an employer to discharge an at-will employee would threaten a clear public policy."  Davenport v. Reed, 785 A.2d 1058, 1063 (Pa. Commw. Ct. 2001).[3]  In order to fall within the public policy exception, the employee must point to a public policy established in a constitution, statute, regulation or judicial

---

[3]See e.g., Shick v. Shirey, 716 A.2d 1231 (Pa. 1998) (allowing wrongful discharge claim where the termination was in retaliation for filing a claim for workers' compensation benefits); Raykovitz v. K Mart Corp., 665 A.2d 833 (Pa. Super. Ct. 1995) (termination in retaliation for seeking unemployment benefits); Reuther v. Fowler & Williams, Inc., 386 A.2d 119 (Pa. Super. Ct. 1978) (termination for missing work for jury duty); Perks v. Firestone Tire & Rubber Co., 611 F.2d 1363 (3rd Cir.1979) (termination for refusing to take a polygraph test).

decision.  Id. (citing Hunger v. Grand Central Sanitation, 670 A.2d 173 (Pa. Super. Ct. 1996)).

However, the employer may still terminate the employee if the employer has a legitimate reason for the

discharge.  Id. at 1064 (citing Geary v. United States Steel Corp., 319 A.2d 174 (Pa. 1974)).

     Although Pennsylvania recognizes a cause of action for wrongful discharge in violation of public

policy, it is well-settled under Pennsylvania common-law that such an action cannot be maintained if

there is a statutory remedy available.  Wolk v. Saks Fifth Ave., Inc., 782 F.2d 221, 223 (3d Cir.

1984); see also Novosel v. Nationwide Ins. Co., 721 F.2d 894, 898 (3d Cir. 1983) ("the only

Pennsylvania cases applying public policy exceptions have done so where no statutory remedies were

available."); Gusdonovich v. Bus. Info. Co., 705 F. Supp. 262, 266 (W.D. Pa. 1985) (holding no

wrongful termination claim where public policy of FLSA is alleged to have been violated as plaintiff's

sole remedy was under that statute).

     In this case, Plaintiff's claim for wrongful discharge in violation of public policy arises out of the

same set of facts as her claim under the FLSA.  Moreover, as discussed above, Plaintiff has properly

alleged a retaliatory discharge claim under the FLSA.  Whether or not Plaintiff's FLSA claim is

successful is irrelevant; "[i]t is the existence of the remedy, not the success of the statutory claim which

determines preemption."  Jacques v. AKZO Int'l Salt, Inc., 619 A.2d 748, 753 (Pa. Super. Ct. 1993).

As a result, Plaintiff has a statutory remedy available for Defendant's alleged action, and therefore

Plaintiff cannot maintain a wrongful discharge claim under Pennsylvania common law.  Id.  Accordingly,

the Court finds that Plaintiff has failed to state a claim for wrongful discharge in violation of public policy

and Count II will be dismissed.

**IV.**     <u>**ORDER**</u>

**AND NOW**, this 26th day of July, 2005, for the foregoing reasons, **IT IS HEREBY**

**ORDERED THAT** Defendant's motion  Dismiss Count I of Plaintiff's Complaint (Doc. No. 5) is

**DENIED**.  **IT IS FURTHER ORDERED THAT** Defendant's Motion to Dismiss Count II of

Plaintiff's Complaint (Doc. No. 14) is **GRANTED**.

S/ Yvette Kane

Yvette Kane
United States District Judge
