IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL DOUGHERTY, | : | Case No. 1:04CV1682 |
| Plaintiff | : | |
| | : | Judge Kane |
| v. | : | |
| | : | |
| CIBER, INC., | : | |
| Defendant | : | FILED ELECTRONICALLY |

**PRETRIAL MEMORANDUM OF
DEFENDANT CIBER, INC.**

Defendant, CIBER, Inc. ("Defendant") by counsel, submits the following Pretrial Memorandum in accordance with Local Rule 16.3 of the Rules of Court for the United States District Court for the Middle District of Pennsylvania. The Local Rule 16.3 Conference of Attorneys was held on August 4, 2005.

**A.    STATEMENT AS TO FEDERAL COURT JURISDICTION**

This Court has subject matter jurisdiction over this Fair Labor Standards Act claim under 28 U.S.C. §1331.

575672.1

B. **SUMMARY STATEMENT OF FACTS AND CONTENTIONS AS TO LIABILITY**

Plaintiff was hired as an Office Manager in Defendant's Harrisburg, Pennsylvania branch in 1999. In January 2003, Plaintiff changed positions to become the Human Resources Manager, also at Defendant's Harrisburg branch. As both Office Manager and Human Resources Manager, Plaintiff had responsibilities related to Defendant's annual strategic planning process, including the preparation and presentation of materials at strategic planning meetings. As Human Resources Manager, Plaintiff knew that she was responsible to both prepare and present strategic planning information regarding human resources and recruiting.

After Plaintiff took the position of Human Resources Manager, her co-workers began to express serious concerns regarding her work performance. Prior to Plaintiff's annual performance review in September 2003, Plaintiff's supervisor, Ann Griffiths received substantial negative feedback from Plaintiff's co-workers, including all members of the management team in CIBER's Harrisburg branch, regarding the quality and quantity of Plaintiff's work, Plaintiff's work schedule, Plaintiff's professional skills, Plaintiff's interpersonal skills, and Plaintiff's communication skills.

On September 16, 2003, Ms. Griffiths met with Plaintiff regarding her work performance, and delayed Plaintiff's formal performance review until

October 2003 so that Plaintiff could address the concerns. On October 3, 2003, Plaintiff received her performance review, and Ms. Griffiths gave her the lowest performance rating of her tenure with CIBER. Plaintiff was rated as "Proficient" because the review included several months in which Plaintiff served as Office Manager prior to becoming the Human Resources Manager. Had the review not included the time as Office Manager, Plaintiff's rating would have been lower. The review detailed numerous problems with Plaintiff's performance of her Human Resources Manager position.

On October 23, 2003, Plaintiff attended an off-cite strategic planning meeting with other members of the local management team, as well as Edward Burns, Defendant's Regional President. Plaintiff was aware that she was responsible to prepare and present strategic planning materials for human resources and recruiting for Defendant's upcoming fiscal year. However, Plaintiff did not come prepared with written materials to provide to meeting participants, and when she was called upon to make her presentation, Plaintiff said that she did not have anything to add.

At some point during the course of the October 23, 2003 strategic planning meeting, Plaintiff made a comment regarding concerns she may have had about Defendant's classification of certain employees as exempt or non-exempt from overtime. Ms. Griffiths responded that Plaintiff should contact

David Plisko, Defendant's corporate Human Resources Director, regarding that issue because the classification of employees is handled at the corporate level. Ms. Griffiths did not appear upset or angry about Plaintiff's comment regarding the Fair Labor Standards Act.

While Ms. Griffiths was not upset that Plaintiff had made a comment about the Fair Labor Standards Act, she was upset that Plaintiff did not come prepared to make a presentation at the strategic planning meeting. For Ms. Griffiths, this confirmed the feedback that she had received from Plaintiff's peers. Additionally, Plaintiff was aware well in advance of her strategic planning responsibilities and that Ms. Griffith's supervisor, Mr. Burns, would be present at the meeting. Therefore, Ms. Griffiths asked Plaintiff to meet with her the following morning, October 24, 2003.

During her meeting with Plaintiff on October 24, 2003, Ms. Griffiths hoped to find out why Plaintiff was unprepared for the strategic planning meeting. However, Plaintiff provided absolutely no explanation for her complete lack of preparation, nor did she show any remorse for her lack of preparation, which was the "last straw" for Ms. Griffiths, who decided right then to terminate Plaintiff's employment.

At the time of her termination, Plaintiff did not comment that she believed she was being terminated for any reason other than her performance. However,

since the date of her termination, she has filed suit against Defendant, alleging that she was terminated in retaliation for making a comment regarding the Fair Labor Standards Act. That is Plaintiff's only basis for liability in this case.

**C.   A COMPREHENSIVE STATEMENT OF UNDISPUTED FACTS AS AGREED TO BY COUNSEL AT THE CONFERENCE OF ATTORNEYS REQUIRED BY LOCAL RULE 16.3**

1.   On September 27, 1999, Defendant hired Plaintiff for the position of Office Manager of CIBER's Harrisburg branch.

2.   Effective January 6, 2003, Plaintiff was transferred from the position of Office Manager to the newly created position of Human Resources Manager of Defendant's Harrisburg branch office, in which capacity she reported to Ann Griffiths, then a CIBER Vice President who also worked out of the Harrisburg Branch office.

3.   Plaintiff was out of the office, taking vacation leave, from Monday, October 13, 2003 through Friday October 17, 2003. Plaintiff was also out of the office on Monday and Tuesday, October 20 and 21, 2003, in order to attend a seminar regarding federal and state wage and hour laws, including the Fair Labor Standards Act.

4.   On Thursday, October 23, 2003, Plaintiff attended a meeting with a number of Defendant's senior management employees, including Edward Burns, Ann Griffiths, Phillip Gring, Scott Frock, and Terry Heistand.

5. On the morning of October 24, 2003, Ann Griffiths terminated Plaintiff's employment.

6. At the time of her termination, Plaintiff's annual salary was $55,910.46.

**D.   A BRIEF DESCRIPTION OF DAMAGES**

Defendant denies that Plaintiff is entitled to any damages.

**E.   NAMES AND ADDRESSES OF WITNESSES, ALONG WITH THE SPECIALTIES AND QUALIFICATIONS OF EXPERTS TO BE CALLED**

1. Ann Griffiths
   CIBER, Inc.
   650 Wilson Lane
   Mechanicsburg, PA

2. Teresa Heistand
   CIBER, Inc.
   650 Wilson Lane
   Mechanicsburg, PA

3. Lisa Clapp
   CIBER, Inc.
   650 Wilson Lane
   Mechanicsburg, PA

4. Galen Gish
   CIBER, Inc.
   650 Wilson Lane
   Mechanicsburg, PA

5. Scott Frock
   CIBER, Inc.
   650 Wilson Lane
   Mechanicsburg, PA

6

    6.    Carol Dougherty (Plaintiff, as on cross)

Defendant reserves the right to call any witness identified by Plaintiff in his case-in-chief or on rebuttal.

**F.**    **SUMMARY OF TESTIMONY OF EACH EXPERT WITNESS**

There are no expert witnesses in this case.

**G.**    **SPECIAL COMMENT ABOUT PLEADINGS AND DISCOVERY**

None.

**H.**    **SUMMARY OF LEGAL ISSUES INVOLVED AND LEGAL AUTHORITIES RELIED ON**

    1.    Whether Plaintiff engaged in a protected activity by making a good faith, reasonable complaint to Defendant regarding the Fair Labor Standards Act. Kissell v. AFSCME, 90 Fed. Appx. 620, 621-22 (3d Cir. 2004); Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99, 102 (1st Cir. 2004); Kachmar v. SunGard Dada Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997).

    2.    Whether Plaintiff suffered an adverse employment action. Id.

    3.    Whether Plaintiff has established a causal link between any protected activity and the adverse employment action. Id.

    5.    Whether Plaintiff has established that Defendant's legitimate, non-retaliatory justification for Plaintiff's termination is a pretext for retaliation. Sarullo v. United States Postal Serv., 352 F.3d 789, 799 (3d Cir. 2003).

The legal authorities relied upon by Defendant will also be set forth in the trial brief which will be submitted to the Court before trial in accordance with Local Rule 39.7.

**I.  STIPULATIONS DESIRED**

None.

**J.  ESTIMATED NUMBER OF TRIAL DAYS**

Defendants estimate that the trial of this matter will take approximately two trial days.

**K.  ANY OTHER MATTER PERTINENT TO THE CASE TO BE TRIED**

None at this time.

**L.  PURSUANT TO LOCAL RULE 16.3, APPENDED TO THIS MEMORANDUM IS A PRENUMBERED SCHEDULE OF EXHIBITS, WITH BRIEF IDENTIFICATION OF EACH, ON THE CLERK'S EXHIBIT FORM**

See Schedule of Exhibits attached hereto as Exhibit "A".

**M.  APPEND ANY SPECIAL VERDICT QUESTIONS WHICH COUNSEL DESIRES TO SUBMIT**

See Proposed Special Verdict Form attached hereto as Exhibit "B". Defendants, however, reserve the right to modify or supplement this proposed special verdict form based upon the evidence presented at trial and the final jury instructions to be given by the Court.

**N.** **STATEMENT THAT THE PERSON OR COMMITTEE WITH SETTLEMENT AUTHORITY HAS BEEN NOTIFIED OF THE REQUIREMENTS OF AND POSSIBLE SANCTIONS UNDER LOCAL RULE 16.2**

See Statement Regarding Authority attached hereto as Exhibit "C".

**O.** **CERTIFICATE UNDER LOCAL RULE 30.01 THAT COUNSEL HAS MET AND REVIEWED DEPOSITIONS AND VIDEO TAPES IN AN EFFORT TO ELIMINATE IRRELEVANCIES, SIDE COMMENTS, RESOLVED OBJECTIONS, AND OTHER MATTERS NOT NECESSARY FOR CONSIDERATION OF THE TRIER OF FACT**

See Certificate attached hereto as Exhibit "D".

**P.** **IN ALL TRIALS WITHOUT A JURY, REQUEST FOR FINDINGS OF FACT AND LAW SHALL BE SUBMITTED**

This case is to be tried before a jury.

Respectfully submitted,

RHOADS & SINON LLP

By: /s/ Robert J. Tribeck
Robert J. Tribeck
Heather Z. Kelly
One South Market Square
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2005, a true and correct copy of the foregoing document was served by means of electronic service in accordance with the Middle District Local Rules, upon the following:

>Elliot A. Strokoff, Esquire
>132 State Street
>P.O. Box 11903
>Harrisburg, PA  17108-1903

>/s/ Robert J. Tribeck
>Robert J. Tribeck

575672.1