# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROL DOUGHERTY,** | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:04-CV-01682 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **CIBER, INC.,** | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's motion for summary judgment on Plaintiff's second amended complaint. (Doc. No. 20.) The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the motion will be denied.

## I. BACKGROUND[1]

Plaintiff began her employment with Defendant Ciber, Inc. on September 27, 1999, as Office Manager. During 2000, 2001, and 2002, as part of her job responsibilities, Plaintiff coordinated strategic planning meetings for Defendant.[2] (Doc. No. 23 at ¶¶ 5, 8, 11.) In addition, Plaintiff was responsible for preparing documents regarding administrative functions for the planning meetings. (Id. at ¶¶ 6, 9, 11.) While employed as Office Manager, Plaintiff received an overall performance rating of "Commendable." (Id. at ¶¶ 7, 10, 12.)

---

[1] The following information was taken from the parties' undisputed statements of material facts. (Doc. Nos. 23, 25.)

[2] The strategic planning meeting was conducted in the calendar year prior to the year in which the resulting plan was implemented.

On January 1, 2003, Plaintiff was promoted to Human Resources Manager. In September, 2003, as part of Plaintiff's annual performance evaluation, Defendant received feedback about Plaintiff's performance from its management team and Plaintiffs co-workers, some of which was negative. (Doc. Nos. 23 at ¶¶ 20-23; 25 at ¶¶ 20-23.) On September 16, 2003, Plaintiff was notified about the negative feedback and indicated that she would do what she could to help the situation. (Doc. No. 25 at ¶ 27.) On October 10, 2003, Plaintiff received her formal evaluation as Human Resources Manager. Plaintiff was given an overall performance rating of "proficient." (Doc. No. 25 at ¶ 28.)

As part of Plaintiff's job responsibilities as Human Resources Manager, she was required to present the human resources sections for the strategic planning meeting on October 23, 2004. (Doc. No. 25 at ¶ 18.) Plaintiff had attended the strategic planning meetings every year she worked for Defendant. (Id. at ¶¶ 5, 8, 11.) Plaintiff was aware that she was responsible for making an oral presentation regarding human resources;[3] however, Plaintiff did not hand out written materials and did not present an oral report at the 2004 strategic planning meeting. (Id. at ¶¶ 37, 39, 45.)

As part of Plaintiff's job responsibilities, she was required to oversee compliance with federal and state labor and employment laws. (Id. at ¶¶ 15.) In furtherance of these duties, on October 20 and 21, 2003, Defendant sent Plaintiff to a seminar regarding federal and state wage and hour laws. On October 23, 2003, at the strategic planning meeting, Plaintiff "advised her immediate supervisor" of her belief that Defendant was "violating the Fair Labor Standards Act in paying certain employees

---

[3] The parties dispute whether Plaintiff was also responsible for making an oral presentation regarding recruiting practices.

2

overtime at straight rate instead of at time-and-one-half and also by improperly classifying certain other employees as exempt so as to not pay them any overtime at all." (Doc. No. 13 at 3.) There was no follow-up discussion regarding Plaintiff's FLSA comment; instead, Plaintiff was instructed to discuss the matter with Ciber's Human Resources Director. (Doc. No. 23 at ¶ ¶ 47, 49.)

On October 24, 2004, Ms. Griffiths, a Vice President at Ciber, met with Plaintiff to allegedly discuss concerns about Plaintiff's preparation for the strategic planning meeting of October 23, 2003. (Id. at ¶ 61.) There was no discussion of Plaintiff's FLSA comment during the course of the meeting. (Doc. No. 22 at ¶ 72.) At this meeting, Ms. Griffiths terminated Plaintiff's employment. (Doc. No. 25 at ¶ 65.) Thereafter, Ms. Griffiths and Plaintiff signed a Separation Form, which indicated the reason for Plaintiff's termination from Ciber as "Poor Performance." The form also gave Plaintiff a rating of "poor" in several areas including quality of performance, personal adaptability, and personal attitude. (Doc. No. 23 Ex. 5.)

## II.     PROCEDURAL HISTORY

On July 29, 2004, Plaintiff initiated a claim of retaliation under section 215(a)(3) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), against her former employer, Defendant Ciber, Inc. (Doc. No. 1.) Plaintiff subsequently filed an amended complaint on November 16, 2004, in which she renewed her retaliation claim under the FLSA (Count I) and added a common law claim for wrongful discharge in violation of public policy (Count II). (Doc. No. 13.) Plaintiff claims that the proximate cause of her sudden termination was her statement about Ciber's failure to pay overtime and improper classification of exempt employees. (Doc. No. 13 at 4.) Plaintiff further alleges that she was terminated due to fear that she would file a complaint in the future. (Id.) Plaintiff claims

she has suffered harm in the form of lost wages and lost fringe benefits.

In response, Defendant filed a motion to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). By Order dated July 26, 2005, the Court denied Defendant's motion to dismiss Count I and granted the motion to dismiss Count II of Plaintiff's amended complaint. (Doc. No. 29.) On May 23, 2005, Defendant filed the motion for summary judgment presently before the Court. (Doc. No. 20.) In its motion for summary judgment, Defendant argues that Plaintiff has not established a prima facie claim under section 215(a)(3) of the FLSA, and that Defendant had a legitimate business reason for terminating Plaintiff. (Doc. No. 20.)

### III.   STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. A factual dispute is material if it might affect the outcome of the suit under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is genuine only if there is sufficient evidentiary basis which would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 249. When deciding a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party, who is "entitled to every reasonable inference that can be drawn from the record." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in his complaint; instead, he must "go beyond the pleadings and by [her] own

affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (internal quotations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Id. at 322.

## IV.   DISCUSSION

The burden of proof for retaliation claims made under FLSA is governed by the framework erected in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See, e.g., Brock v. Richardson, 812 F.2d 121, 123 n.1 (3d Cir. 1987) (holding that the order of proof is the same with FLSA and the Age Discrimination in Employment Act, which is governed by the three part division set forth in McDonnell Douglas for Title VII cases). In McDonnell Douglas, the United States Supreme Court set forth the following burden-shifting scheme for retaliation cases: (a) the plaintiff must first establish a prima facie case; (b) if the plaintiff is successful, then the burden shifts to the defendant employer to articulate a legitimate, nondiscriminatory reason for its employment action; and (c) if the employer meets this burden, the burden then shifts back to the plaintiff to show that the employer's stated reason for the employee's rejection was in fact pretextaul. 411 U.S. at 802. Although the evidentiary burden shifts back and forth under the McDonnell Douglas framework, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally [retaliated] against the plaintiff remains at all times with the plaintiff." Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 143 (2000) (quotations omitted).

Summary judgment in retaliatory actions is appropriate if the defendant can demonstrate that the plaintiff could not carry the burden of proof at trial. Jalil v. Avdel Corp., 873 F.2d 701, 707 (3d

Cir. 1989). The defendant may demonstrate this in the following two ways:

> It may show that the plaintiff is unable to establish a prima facie case . . . or, if the plaintiff has successfully established a prima facie case, the defendant may win summary judgement by showing that the plaintiff could not produce sufficient evidence of pretext to rebut an assertion of nondiscriminatory reasons for the discharge.

Id. Defendant argues that it is entitled to summary judgment because Plaintiff has not established a prima facie claim under section 215(a)(3) of the FLSA, and that Defendant had a legitimate business reason for terminating Plaintiff.[4] (Doc. No. 20.)

### A.  Prima Facie Case

The Fair Labor Standards Act, enacted by Congress on June 25, 1938, includes an anti-retaliation provision that protects employees who report violations of the FLSA by making it unlawful for any person to:

> [D]ischarge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3). In order to establish a prima facie claim for retaliation under the FLSA, there must be a showing that: (1) the plaintiff engaged in a statutorily protected activity; (2) the employer took adverse action subsequent to, or contemporaneous with, such employee activity; and (3) there is a causal connection between such activity and the employer's action. Kachmar v. SunGard Data Sys.,

---

[4] Defendant also argues that Plaintiff has not established a cognizable cause of action with respect to her wrongful discharge claim based on Pennsylvania public policy, Count II of Plaintiffs amended complaint. (Doc. No. 22.) However, pursuant to the Order entered July 26, 2005, Defendant's motion to dismiss Count II of Plaintiff's amended complaint was granted. (Doc. No. 29.) Accordingly, the Court will not address Defendant's argument herein.

Inc., 109 F.3d 173, 177 (3d Cir. 1997) (discussing elements of discriminatory retaliation in context of Title VII claim); see also Brock v. Richardson, 812 F.2d 121, 123 n.1 (3d Cir. 1987) (applying Title VII discriminatory retaliation framework for a claim of retaliation under the FLSA). Defendant argues that Plaintiff's FLSA comment is not statutorily protected because it is not one of the protected activities enumerated in section 215(a)(3), and it fails to assert any rights that were adverse to Defendant. (Doc. No. 22.) In addition, Defendant argues that there is no causal connection between Plaintiff's alleged protected activity and her termination.[5] (Id.)

Defendant first argues that Plaintiff has failed to allege any facts to support that she engaged in a protected activity under section 215(a)(3). Defendant's argument is simply a restatement of the argument presented in its motion to dismiss. (Doc. No. 14.) In an Order dated July 26, 2005, the Court found that if Plaintiff's allegations are proven, her FLSA comment is consistent with the remedial nature of the FLSA and would constitute a complaint in accordance with the Third Circuit's interpretation of section 215(a)(3). (Doc. No. 29.) It is undisputed that Plaintiff "raised the issue of whether CIBER might be in violation of the FLSA because of the way it classified its employees for purposes of overtime." (Doc. Nos. 23 at ¶ 46, 25 at ¶46.) Accordingly, the Court finds that Plaintiff made the FLSA comment as alleged and therefore, as a matter of law, she engaged in a protected activity under section 215(a)(3).

Defendant next argues that there is no causal connection between Plaintiff's alleged protected activity and her termination. A prima facie case of retaliatory discharge requires a showing that the

---

[5] It is undisputed that Plaintiff's termination constitutes an adverse employment action; therefore, only the sufficiency of the first and third prongs will be discussed.

plaintiff's discharge was causally connected to the plaintiff's involvement in protected activity under the FLSA. Kachmar, 109 F.3d at 177. The Third Circuit has stated that the temporal proximity between the employee's protected activity and the adverse employment action "is an obvious method by which a plaintiff can proffer circumstantial evidence sufficient to raise the inference that her protected activity was the likely reason for the adverse action." Campbell v. Abercrombie & Fitch, Co., No. 03-3159, 2005 WL 1387645, at *7 (D.N.J. June 9, 2005) (citing Kachmar, 109 F.3d at 177 (3d Cir. 1997)); see also Garvey v. Dickinson Coll., 775 F. Supp. 788, 796 (M.D. Pa. 1991) (citations omitted) (a causal connection "may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action"). Plaintiff made the FLSA comment at the strategic planning meeting on October 23, 2003, and she was terminated on the following day, October 24, 2003. (Doc. Nos. 22, 27.) Plaintiff alleges that she was terminated "as quickly as possible after she made comments about possible FLSA violations." (Doc. No. 27 at 11.) A reasonable jurist could conclude that the temporal proximity of the discharge in relation to Plaintiff's FLSA comment demonstrates a causal connection between the protected activity and Defendant's adverse action. See Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989) (holding that the causation element was satisfied by a showing that the plaintiff's discharge occurred only two days after his protected activity). Accordingly, the Court finds that Plaintiff has put forth sufficient evidence from which a factfinder could find the existence of a causal connection between Plaintiff's comment and her termination so as to defeat Defendant's Motion for Summary Judgment..

In summary, the Court finds that Plaintiff has succeeded in establishing all three elements for a prima facie case of retaliation under section 215(a)(3) for purposes of the motion sub judice. First, as

discussed in the Order entered July 28, 2005, the facts support a finding that Plaintiff has engaged in a protected activity. Second, it is undisputed that Plaintiff was discharged on October 24, 2004. Finally, the temporal proximity of Plaintiff's FLSA comment and her termination suggests a causal connection. Accordingly, a reasonable jurist could find that Plaintiff has established a prima facie case of retaliatory discharge and satisfied her initial McDonnell Douglas burden.

### B.   Legitimate Reason for Termination

Once the plaintiff has established a prima facie case of retaliatory discharge, the burden shifts to the defendant to advance a legitimate reason for discharging Plaintiff. McDonnell Douglas, 411 U.S. at 802. To satisfy this intermediate burden, the defendant need only produce evidence which would allow the trier of fact to rationally conclude that the employment decision had not been motivated by retaliatory animus. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 257 (1981). In order to meet this burden, Defendants have introduced evidence that Plaintiff was terminated for "poor performance, culminating with her complete lack of preparation for the strategic planning [meeting] and, most importantly, her complete lack of both any excuse for her lack of preparation and remorse for her actions, or, in this case inactions." (Doc. No. 22 at 20.) Accordingly, the Court finds that Defendant's proffered evidence articulates lawful reasons for the termination of Plaintiff. Therefore, Defendant has met its burden under the McDonnell Douglas burden-shifting scheme.

### C.   Pretextual Explanation

When an employer articulates a legitimate reason for its employment action, "the presumption of intentional [retaliation] disappears, but the plaintiff can still prove [retaliation] . . . by offering evidence demonstrating that the employer's explanation was pretextual." Raytheon Co. V. Hernandez, 540 U.S.

9

44, 50 n.3 (2003). The plaintiff may succeed in this either directly by showing that a retaliatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. Burdine, 450 U.S. at 256. In order to meet this burden, Plaintiff argues that she was terminated "as quickly as possible after she made comments about possible FLSA violations," and that there are material facts in dispute as to whether Defendant's reasons for terminating Plaintiff are pretextual. (Doc. No. 27.)

Plaintiff contends that there are material facts in dispute as to whether Defendant's proffered reason for terminating Plaintiff are pretextual. (Doc. No. 27) Specifically, Plaintiff disputes that the reason for her termination was her lack of preparation at the strategic planning meeting. Plaintiff argues that she was prepared for the meeting and therefore, there is an issue of material fact as to whether Plaintiff was prepared for the strategic planning meeting. (Id. at 13.) Similarly, Plaintiff disputes that the reason for her termination was her "poor performance." Plaintiff argues that she received positive reviews in the past, was told she would not need to go on a performance improvement plan, and was recently given a raise. (Id. at 15.)

An objective review of the record convinces the Court that Plaintiff introduced sufficient evidence to call into question Defendant's motivation in discharging her and, accordingly, to defeat Defendant's motion for summary judgment. The timing of the discharge in relation to Plaintiff's FLSA comment may suggest retaliatory motives on the part of Defendant.[6] Moreover, Plaintiff disputes

---

[6] "The trier of fact may still consider the evidence establishing the plaintiff's prima facie case and inferences properly drawn therefrom . . . on the issue of whether the defendant's explanation is pretextual." Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 143 (2000) (internal quotations omitted).

whether she was prepared for the strategic planning meeting and her performance as Human Resource Manager. (Doc. No. 27 at 13.) In any event, Plaintiff countered Defendant's explanation for Plaintiff's termination with sufficient evidence to raise a genuine issue of fact as to Defendant's true motivation for firing her.[7] Accordingly, Defendant's motion for summary judgment will be denied.

## V.     CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has established a prima facie claim for retaliation under the FLSA, Defendant has proffered legitimate reasons for terminating Plaintiff, and Plaintiff has raised a genuine issue of material fact as to Defendant's motivation for her termination. Therefore, Defendant's motion for summary judgment will be denied.

---

[7] "[B]ecause intent is a substantive element of the cause of action -- generally to be inferred from the facts and conduct of the parties -- the principle is particularly apt that courts should not draw factual inferences in favor of the moving party and should not resolve any genuine issues of credibility." Jalil v. Avdel Corp., 873 F.2d 701, 707 (3d Cir. 1989) (citations omitted).

## VI. <u>ORDER</u>

**AND NOW**, this 25th day of August, 2005, for the foregoing reasons, **IT IS HEREBY ORDERED THAT** Defendant's motion for summary judgment (Doc. No. 20) is **DENIED**.

<u>S/ Yvette Kane</u>
Yvette Kane
United States District Judge
