IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL DOUGHERTY, | : | Case No. 1:04CV1682 |
| Plaintiff | : | |
| | : | Judge Kane |
| v. | : | |
| | : | |
| CIBER, INC., | : | |
| Defendant | : | FILED ELECTRONICALLY |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN *LIMINE* TO PRECLUDE ARGUMENT, REFERENCES OR JURY INSTRUCTIONS REGARDING SPOLIATION OF EVIDENCE OR WRONGDOING IN THE HANDLING OF PLAINTIFF'S BUSINESS COMPUTER**

A. **Introduction**

On August 19, 2005, Defendant, CIBER, Inc., was informed for the first time that Plaintiff intends to seek a jury instruction regarding an adverse inference based on the alleged spoliation of evidence. It is presumed, therefore, that Plaintiff intends to make arguments and references during trial to spoliation or wrongdoing on the part of Defendant in its handling of the business computer that Plaintiff used

576110.1

while working for Defendant. As set forth below, there is no factual or legal basis for the Court to instruct regarding the doctrine of spoliation, and Plaintiff should be precluded from making any argument or references to spoliation of evidence or evidentiary wrongdoing by Defendant.

**B.    Background**

Plaintiff is a former employee of Defendant whose employment was terminated on October 24, 2003. [Amend. Compl. at ¶ 11]. Defendant maintains that Plaintiff was terminated due to poor work performance over an extended period of time, the "last straw" being her complete lack of preparation for a strategic planning meeting on October 23, 2003, and the fact that she had no explanation and showed no remorse when confronted with this lack of preparation on October 24, 2003. [Defendant's Statement of Undisputed Material Facts filed with Defendant's Motion for Summary Judgment at ¶¶ 19-78]. Over two months after Defendant terminated Plaintiff's employment, Defendant received notice that Plaintiff had hired an attorney in conjunction with her termination. [January 2, 2004 letter from E. Strokoff to A. Griffiths (attached hereto as Exhibit "1")].

Throughout this case, Plaintiff has ignored substantial evidence relating to her poor work performance, and has instead focused almost exclusively on her contention that she actually had prepared written materials for the October 23, 2003 strategic planning session. Plaintiff claims that she "had prepared

2

handwritten notes and the HR/Recruiting Plan was on her laptop in anticipation of making the presentation." [1/21/05 Answers to Interrogatories Directed to Plaintiff-First Set, No. 16; *see also*, 1/21/05 Plaintiff's Response to Defendant's First Request for Admissions Directed to Plaintiff, No. 11 (attached hereto as Exhibits "2" and "3," respectively)]. Plaintiff also says that on the day she was terminated, she told her supervisor, Ann Griffiths, that the presentation was on her laptop. [1/21/05 Answers to Interrogatories Directed to Plaintiff-First Set, No. 17; *see also*, 1/21/05 Plaintiff's Response to Defendant's First Request for Admissions Directed to Plaintiff, No. 14].

Notwithstanding the above contentions, Plaintiff has not produced a copy of the presentation that she allegedly prepared. So, during the course of discovery, Plaintiff sought the production of the laptop that she had been assigned while working for Defendant. Defendant was not, however, able to produce the laptop because it followed its standard practices in handling the computer right after Plaintiff was terminated. [Affidavit of Ann Griffiths, "Griffiths Aff.," at ¶¶ 9-13 (attached hereto as Exhibit "4")]. Specifically, after Plaintiff returned the laptop, the hard drive of the computer was then re-imaged, which would result in the deletion of any information left by Plaintiff. [Griffiths Aff. at ¶ 10]. The re-imaging of Plaintiff's laptop was consistent with Defendant's past practices and was completed prior to any indication that Plaintiff would file a lawsuit. [Griffiths

Aff. at ¶ 7]. Because of technology changes, none of the laptops in use at that time are currently in use at CIBER. The computer could have been donated to charity or raffled off to low-level employees. Thus, it is impossible for Defendant to determine the location of the laptop that had been assigned to Plaintiff. The re-imaging and disposition of the computer were done in the regular course of business and were consistent with CIBER's past practices upon separation of employment. [Griffiths Aff. at ¶¶ 11-13]. Through her prior role as Office Manager at CIBER, Plaintiff would have been aware of CIBER's standard practice of re-imaging the hard drives of laptops following the departure of employees. [Griffiths Aff. at ¶ 18].

Additionally, there is no way for Defendant to search its backup hard drive (hereinafter the "Q-drive") for the information sought by Plaintiff. Again, in the regular course of business, Defendant retains only three weeks of backup tapes, and the document that Plaintiff alleges she created would no longer be on the Q-drive. [Griffiths Aff. at ¶ 17].

This case is scheduled for jury selection on September 12, 2005. On August 19, 2005, Defendant received notice for the first time that Plaintiff intends to seek a jury instruction regarding an adverse inference as a result of the alleged spoliation of evidence. Specifically, Plaintiff's proposed Jury Instruction No. 11 states as follows: "When a party has destroyed evidence relevant to the dispute

4

being litigated, a 'spoliation inference' arising to the effect that the destroyed evidence would have been unfavorable to the position of the offending party." *Schmid v. Milwaukee Electric Tool Co.*, 13 F.3d 76 (3rd Cir. 1994)." [8/19/05 Plaintiff's Request Jury Instruction, No. 11 (attached hereto as Exhibit "5")].

C.   **Legal Standard:  Spoliation of Evidence**

The doctrine of spoliation of evidence is as follows:

> A party which reasonably anticipates litigation has an affirmative duty to preserve relevant evidence. *Baliotis v. McNeil*, 870 F. Supp. 1285, 1290 (M.D. Pa. 1994). Where evidence is destroyed, sanctions may be appropriate, including the outright dismissal of claims, the exclusion of countervailing evidence, or a jury instruction on the "spoliation inference." This inference permits the jury to assume that "the destroyed evidence would have been unfavorable to the position of the offending party." *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994). The appropriate sanction will depend on the facts and circumstances of the case. *Id.* at 81.

*Howell v. Maytag*, 168 F.R.D. 502, 508 (M.D. Pa. 1996).[1]

---

[1] Significantly, the spoliation of evidence doctrine is generally only applied in products liability actions. *See Santore-Umbelina v. Advanced Data Sys.*, Civ. A. No. 97-5002, 1998 U.S. Dist. LEXIS 12615 (E.D.Pa. Aug. 10, 1998) (attached hereto as Exhibit "6" (rejecting application of spoliation doctrine in sexual harassment case and stating "[t]he spoliation doctrine is unique to product liability for a fairly obvious reason: the existence of a defective product is essential to a product liability case -- if there is no defective product, there is no case"). Thus, the doctrine generally has no application in a wrongful discharge action, such as the present matter. In fact, the only case cited by Plaintiff in conjunction with proposed Jury Instruction No. 11 is *Schmid v. Milwaukee Electric Tool Co.*, 13 F.3d 76 (3rd Cir. 1994), a products liability case.

5

Where a party is under a duty to preserve relevant evidence and fails to do so, the Court must then consider several factors in deciding whether to impose sanctions and, if so, which of the above sanctions is appropriate. *Schmid*, 13 F.3d at 79. These factors include: (1) the degree of fault of the party that altered or destroyed evidence; (2) the degree of prejudice suffered by the opposing party, i.e., the party seeking a sanction; and (3) whether a sanction lesser than excluding evidence will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such future conduct. *Id.*

Applying the above standard to the facts of this case, it is clear that Plaintiff is not entitled to an adverse inference instruction, nor should Plaintiff be permitted to argue or otherwise infer wrongdoing by Defendant in the handling of the computer.

**D.   Argument**

It is necessary to clarify that Plaintiff's attempt to obtain an adverse inference instruction based on spoliation is actually a request for a sanction. *See Boliotis v. McNeil*, 870 F. Supp. 1285 (M.D. Pa. 1994) ("Although raised in the context of a summary judgment motion, the arguments of [defendants] address this Court's discretion to impose appropriate sanctions for spoliation of evidence."); *see also Howell*, 168 F.R.D. at 505. Here, Plaintiff has not moved for a sanction, but rather has simply included the sanction in her proposed jury instructions. In

fact, a motion for such a sanction would certainly be without merit under the circumstances. Plaintiff's attempt to "backdoor" an unwarranted sanction should not be allowed.

1. **Defendant Had No Affirmative Duty to Preserve the Hard Drive at the Time It was Re-Imaged**

A party only has a duty to preserve relevant evidence if it "reasonably anticipates litigation." *Howell*, 168 F.R.D. at 505. Stated another way, a party is "under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." *Scott v. IBM Corp.*, 196 F.R.D. 233 (D.N.J. 2000). Here, at the time that Defendant re-imaged Plaintiff's computer, litigation was not "reasonably foreseeable," and therefore, Defendant was under no duty to preserve the computer.

As set forth above, Plaintiff's employment was terminated on October 24, 2003. However, Plaintiff gave no indication at the time of her termination that she believed she was being fired for protected activity under the FLSA. [2/3/05 Deposition of Plaintiff, "Pl. Dep.," at 206-08 (attached hereto as Exhibit "7"]. At the time that she was terminated, Plaintiff testified that she never told Ms. Griffiths that she was being terminated for protected activity under the Fair Labor Standards Act. [*Pl. Dep. at 208*]. In fact, it was only "after reflecting on the situation" that Plaintiff consulted with an attorney and later determined that her comment

regarding the FLSA may have been the reason she was terminated. [*Id. at 208-09*].

Plaintiff's termination was followed by two months of silence, during which Defendant had no reason to "reasonably anticipate[]" litigation. In fact, until Defendant received correspondence from Plaintiff's counsel dated January 2, 2004, it had no duty to preserve relevant evidence, because there was no "evidence" to speak of. Defendant had re-imaged and disposed of the computer long before litigation was "reasonably foreseeable." [Griffiths Aff. at ¶ 14].

Because Defendant did not have a duty to preserve evidence, the Court should not even apply the factors outlined in *Schmid*, and Defendant's Motion in *Limine* should be granted.

### 2. **Defendant Should Not Be Sanctioned Pursuant to the *Schmid* Factors**

Even if the Court does apply the factors outlined in *Schmid*, which it should not do because Defendant was not under a duty to preserve any potential evidence at the time that the computer was re-imaged, Plaintiff cannot satisfy the Third Circuit's three-prong test to obtain an adverse inference instruction regarding spoliation.

The first prong that Plaintiff clearly cannot establish is that there was fault or willfulness on the part of Defendant in re-imaging the laptop used by Plaintiff. *See Schmid* at 79. *See also, Walters v. GMC*, 209 F. Supp. 2d 481, 491 (W.D. Pa.,

2002) (stating "[t]he willfulness of the destructive act and the prejudice suffered by the opposing party are the paramount concerns in conducting the [spoliation] analysis"); *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3rd Cir. 1995) (holding that for the spoliation of evidence doctrine to apply, there must appear to be actual suppression or withholding of the evidence).

Here, Plaintiff can present no evidence whatsoever that Defendant willfully destroyed, suppressed or withheld evidence. As set forth above, Plaintiff's computer was re-imaged pursuant to standard company practice following the termination of an employee at a time when Defendant had no knowledge or indication that Plaintiff planned to pursue legal action. [Griffiths Aff. at ¶ 14].

Plaintiff also cannot show that she will suffer prejudice in the absence of introducing the doctrine of spoliation or inferring wrongdoing by Defendant. *See Schmid*, 13 F.3d at 79 (stating that second factor to be considered in imposing sanction is "the degree of prejudice suffered by the opposing party"). Here, Plaintiff will not suffer any prejudice if she is precluded from raising the issue of spoliation at trial. She can certainly testify as to her contention that she actually did have a presentation prepared, and the jury can assess her credibility in this regard. It is not necessary, or proper, that she be permitted to argue or somehow infer wrongdoing by Defendant when there is absolutely no evidence in this regard.

Similarly, the Court should not impose the sanction of instructing the jury on the spoliation inference.[2]

In contrast, Defendant will certainly suffer prejudice if Plaintiff is permitted to raise the issue of the spoliation doctrine at trial. In addition to unsupported arguments and inferences by Plaintiff's counsel during trial, the jury will be instructed regarding an adverse inference for improper conduct in which Defendant did not engage, specifically the willful destruction, suppression or withholding of evidence. The introduction of such an issue constitutes a sanction which Defendant's conduct does not warrant and would surely be prejudicial to Defendant.

The final factor to be considered when a Court is deciding whether to exclude evidence based on the spoliation doctrine is the availability of a lesser sanction that will protect the opposing party's rights and deter future similar conduct. *Id.* An analysis of this factor is not even necessary in this case because, as set forth above, Plaintiff will not suffer any prejudice in the absence of

---

[2] Moreover, any claim of prejudice by Plaintiff is completely undermined by Ann Griffith's testimony regarding the alleged presentation. Ms. Griffiths states that, even if Plaintiff had the presentation on her computer and provided Ms. Griffiths with a copy of it the day *after* the strategic planning meeting, Ms. Griffiths would still have made the decision to terminate Plaintiff's employment. [Griffiths Aff. at ¶ 8].

presenting the issue of spoliation, and Defendant has not engaged in any wrongdoing that warrants the need for deterrence.

Thus, it is clear that the factors outlined in *Schmid*, even if applied in this case, do not compel the court to sanction Defendant by giving an adverse inference instruction.

### D.    Conclusion

The spoliation of evidence doctrine has no application in the present matter because Defendant was under no duty to preserve evidence where litigation was not reasonably foreseeable. Moreover, Plaintiff cannot satisfy the factors outlined in *Schmid* to warrant sanctions. Accordingly, the Court should grant Defendant's Motion in *Limine* to Preclude Argument, References or Jury Instructions Regarding Spoliation of Evidence or Wrongdoing in the Handling of Plaintiff's Business Computer.

Respectfully Submitted,

RHOADS & SINON LLP

By:    /s/ Robert J. Tribeck, Esquire
       Robert J. Tribeck, Esquire
       Pa. I.D. No. 74486
       Heather Z. Kelly, Esquire
       Pa. I.D. No. 86291
       One South Market Square, 12th Floor
       Harrisburg, PA 17108-1146
       (717) 233-5731

       Attorneys for Defendant CIBER, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2005, a true and correct copy of the foregoing document was served by means of electronic service in accordance with the Middle District Local Rules, upon the following:

>Elliot A. Strokoff, Esquire
>132 State Street
>P.O. Box 11903
>Harrisburg, PA  17108-1903

>/s/ Robert J. Tribeck
>Robert J. Tribeck