# EXHIBIT 1

549937.1

# STROKOFF & COWDEN, P.C.
### ATTORNEYS AT LAW
132 STATE STREET
P. O. BOX 11903
HARRISBURG, PENNSYLVANIA 17108-1903
www.strokoffandcowden.com

ELLIOT A. STROKOFF
JAMES L. COWDEN
STEPHANIE J. PEEL

TELEPHONE
(717) 233-5353

FAX
(717) 233-5806

January 2, 2004

Ms. Ann Griffiths
Vice President/Area Director
Ciber, Inc.
650 Wilson Lane, Suite 200
Mechanicsburg, PA  17055

RE:  Carol Dougherty

Dear Ms. Griffiths:

Please be advised that Carol Dougherty has consulted me concerning your termination of her employment by Ciber on October 24, 2003.

Ms. Dougherty's first year as Human Resource Manager may have had a few bumps in the road. However, in your performance appraisal of October 3, 2003, you acknowledged that some of your expectations for her first year "were not realistic." Nevertheless, in your performance appraisal summary of her you rated her as proficient and you concluded by stating "I value you as a team member and look forward to your ongoing contributions." When Ms. Dougherty asked if a PIP was being prepared, you assured her that "We are not there yet, I do not want you to leave."

On October 21, 2003, Mr. Dougherty attended a conference on state and federal personnel laws, during which overtime laws and regulations were reviewed in detail. At the strategic planning meeting on October 23, 2003, Ms. Dougherty reported to you, and the others in attendance, that the information taught at the federal personnel laws seminar indicated that Ciber's classification of employees as exempt and its overtime payment policies were in violation of the law. The next day, you terminated the employment of Ms. Dougherty.

C00098

Ms. Ann Griffiths
January 2, 2004
Page 2


The foregoing evidence establishes a prima facie case that Ms. Dougherty was fired on October 24, 2003, for questioning the legality of Ciber's treatment of overtime issues. Even assuming arguendo that the legality of the overtime issues was not a triggering factor, to be sure the termination of her employment was handled in a shabby fashion. She was not given the opportunity for a PIP, nor was she offered the normal opportunity to be returned to her former position, or another position lateral thereto.

The purpose of this letter is to invite discussion of an appropriate severance agreement, which would deal with both economic and non-economic issues.

If I have not heard from you or your counsel by the close of business January 9, 2004, we shall assume that you have no interest in an amicable resolution of this matter and shall proceed accordingly.

Very truly yours,

Elliot A. Strokoff

EAS/crs

cc: Carol Dougherty

C00099