# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL DOUGHERTY, | : | Case No. 1:04CV1682 |
| Plaintiff | : | |
| | : | Judge Kane |
| v. | : | |
| | : | |
| CIBER, INC., | : | |
| Defendant | : | FILED ELECTRONICALLY |

## AFFIDAVIT OF ANN E. GRIFFITHS

I, Ann E. Griffiths, hereby aver as follows:

1. My name is Ann E. Griffiths.

2. I am currently a Regional Vice President for Defendant, CIBER, Inc. ("CIBER"), and have served in that capacity since January 2005.

3. Previously, I served as Vice President/Area Director for CIBER's Harrisburg branch.

4. In that role, I was Plaintiff Carol Dougherty's supervisor throughout her employment with CIBER.

5. I made the decision to terminate Plaintiff's employment with CIBER on October 24, 2003.

6. After Plaintiff was terminated, I spent hours going through her office and files with her, including looking at files on the laptop computer that CIBER had assigned to Plaintiff while she worked at CIBER.

576180.1

7. At no point during that time did Plaintiff advise me that she had material on her computer or provide me with a copy of any materials, nor did I see any such document on her computer.

8. Even if Plaintiff had the written materials on her computer or provided them to me on October 24, 2003, that would not, in any way, have impacted my decision to terminate her.

9. Immediately upon termination, Plaintiff returned the laptop computer to CIBER.

10. Shortly thereafter, in the regular course of business, and consistent with past CIBER practices, the laptop was re-imaged, meaning that any information that Plaintiff would have created and saved on the computer could no longer be retrieved.

11. Because of technology changes, none of the laptops in use at that time are currently in use at CIBER.

12. The computer could have been donated to charity or raffled off to low-level employees. Thus, it is impossible for Defendant to determine the location of the laptop that had been assigned to Plaintiff.

13. The re-imaging and disposition of the computer were done in the regular course of business and were consistent with CIBER's past practices upon separation of employment.

14. At the time that the computer was re-imaged and disposed of, I had no indication that Plaintiff intended to file a lawsuit as a result of her termination.

15. I did not receive any notice that she intended to pursue legal action until I received a letter from her attorney dated January 2, 2004.

16. I received the letter from Plaintiff's attorney more than two months after her employment was terminated and the laptop computer had already been re-imaged.

17. Additionally, it would be impossible for CIBER to retrieve any document created by Plaintiff on her laptop from CIBER's backup "Q-drive" because CIBER only keeps backup tapes for three weeks.

18. Through her prior role as Office Manager at CIBER, Ms. Dougherty would have been aware of CIBER's standard practice of re-imaging the hard drives of laptops following the departure of employees and then re-issuing the laptops to a current employee.

19. I aver that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

_____
Ann E. Griffiths