# EXHIBIT 6

Service: Get by LEXSEE®
Citation: 1998 U.S. Dist. Lexis 12615

*1998 U.S. Dist. LEXIS 12615, ***

SANTORE-UMBELINA, et al. v. ADVANCED DATA SYSTEMS, INC.

CIVIL ACTION 97-5002

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1998 U.S. Dist. LEXIS 12615

August 7, 1998, Decided
August 7, 1998, Filed; August 10, 1998, Entered

**DISPOSITION:** [*1] Mario Umbelina's claim for loss of consortium dismissed with prejudice and Defendants' Motion for Summary Judgment DENIED in all other respects.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendants, employer and supervisors, filed a motion for summary judgment in plaintiff employee and husband's sexual harassment action brought under Title VII of the Civil Rights Act of 1965, 42 U.S.C.S. § 200e. Withdrawal of the husband's claim was stipulated. The employer and supervisors argued that the employee's claim should have been dismissed under the spoliation doctrine because her diary was missing and unavailable for inspection.

**OVERVIEW:** The employee and husband brought suit against the employer and supervisors for sexual discrimination pursuant to Title VII of the Civil Rights Act of 1965, 42 U.S.C.S. § 200e. The employee had kept a diary during the period in question, however she claimed it was stolen. At her deposition she produced a handwritten copy of the diary entries, which she claimed an investigator told her to make because the original diary contained irrelevant material. The employer and supervisors moved for summary judgment on the basis of the spoliation doctrine. The court held that in products liability cases where the defendant was denied the opportunity to inspect the product, summary judgment could be warranted. The court found that the spoliation doctrine was unique to product liability because the existence of a defective product was essential to a product liability case. The court found that the spoliation doctrine did not apply to the diary because the employee could have presented her case to a jury even if she had never written the diary. The court entered an order dismissing the husband's claim and denying the employer's motion in all other respects.

**OUTCOME:** The court entered an order dismissing the husband's claim with prejudice and denying the employer's motion for summary judgment in all other respects in the employee's sexual discrimination action.

**CORE TERMS:** diary, summary judgment, spoliation, defective product, deposition, inspect, genuine issue of material fact, moving party, products liability, product liability, handwritten, discovery, hurt

### LexisNexis(R) Headnotes ◆ Hide Headnotes

Civil Procedure > Summary Judgment > Summary Judgment Standard
**HN1** Summary judgment is warranted where the pleadings and discovery, as well as any

affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party has the burden of demonstrating the absence of any genuine issue of material fact. When ruling on a summary judgment motion, the court must construe the evidence and any reasonable inferences drawn from it in favor of the non-moving party. More Like This Headnote

Torts > Products Liability
Evidence > Relevance > Spoliation
HN2± In products liability cases where the defendant is denied the opportunity to inspect the product summary judgment may be warranted. More Like This Headnote

Torts > Products Liability
Evidence > Relevance > Spoliation
HN3± The spoliation doctrine is unique to product liability for a fairly obvious reason: the existence of a defective product is essential to a product liability case -- if there is no defective product, there is no case. For that reason, the plaintiff bears the burden of the defendant's inability to examine the product to determine whether or not there was a defect. More Like This Headnote | *Shepardize:* Restrict By Headnote

**COUNSEL:** For TABATHA SANTORE-UMBELINA, MARIO UMBELINA, PLAINTIFFS: ERIC G. ZAJAC, WEINSTEIN, GOSS, KATZENSTEIN, SCHLEIFER AND EISENBERG ASSOC., PHILA, PA USA.

For ADVANCED DATA SYSTEMS, INC., TOM LICORISH, JOHN TAYLOR, DEFENDANTS: HOWARD A. ROTHENBERG, HERLANDS, KRUSHINSKI AND ROTHENBERG, SCRANTON, PA USA.

For ADVANCED DATA SYSTEMS, INC., TOM LICORISH, JOHN TAYLOR, DEFENDANTS: VINCENT P. REILLY, MARSHALL, DENNEHEY, WARNER, ETAL, NEWTOWN SQUARE, PA USA.

**JUDGES:** JACOB P. HART, UNITED STATES MAGISTRATE JUDGE.

**OPINIONBY:** JACOB P. HART

**OPINION:** ORDER AND OPINION

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

DATED: Aug 7, 1998

I. Introduction

Plaintiff Tabatha Santore-Umbelina ("Santore-Umbelina"), and her husband, Mario Umbelina, brought this action under Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 200e, against her former employer, Advanced Data Systems, Inc. ("ADS"), and her former supervisors Tom Licorish and John Taylor.

Defendants moved for summary judgment against both [*2] plaintiffs. Plaintiffs stipulated to the withdrawal of Mario Umbelina's claim, but contest the remainder of the motion. For the reasons set forth below, Defendants' motion is denied.

II. Factual Background

Santore-Umbelina claims that defendants sexually harassed her during her employment at ADS, between March, 1992 and January, 1996. At her May 20, 1998 deposition, Santore-Umbelina testified that she kept a personal diary throughout this time period, and had kept one for many years prior to her employment at ADS. During the course of discovery, Santore-Umbelina had produced handwritten diary entries, but she testified at her deposition that these were copied by hand from her diaries and were not photocopies of the diaries themselves. She explained that the EEO investigator told her to make these handwritten copies, since the original diaries contained other, irrelevant material in each entry.

Santore-Umbelina testified at her deposition that she believed that the original diary was in North Carolina. Later, she told Defendants that the locker in which the diaries were stored, along with other of her personal belongings, had been broken into, and its contents stolen.

Defendants [*3] submit in their motion that their inability to inspect Santore-Umbelina's original diaries provides a basis for summary judgment against her. They argue that "in the absence of the original documents, plaintiffs' case is, at best, a contrivance, since it is based upon notations whose reliability and authenticity is highly questionable." Motion for Summary Judgment at P 25.

Defendant's motion is premised on the "spoliation doctrine", which has been applied both by the Eastern District of Pennsylvania and the Pennsylvania courts. ADS argues that "while spoliation is typically seen in a products liability case, its core elements are clearly relevant and applicable to the instant case, i.e., missing evidence deprives the opposing party of the opportunity to inspect the evidence and to cross-examine witnesses regarding it." Id. at P 29.

III. Argument

A. The Summary Judgment Standard

HN1 Summary judgment is warranted where the pleadings and discovery, as well as any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pr. 56. The moving party has the burden of demonstrating [*4] the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). When ruling on a summary judgment motion, the court must construe the evidence and any reasonable inferences drawn from it in favor of the non-moving party. Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987).

B. The Spoliation Doctrine

HN2 In products liability cases, courts have held that, where the defendant has been denied the opportunity to inspect the product, summary judgment may be warranted. For example, In Martin v. Volkswagen of America, Inc., 1989 U.S. Dist. LEXIS 8087, 1989 WL 81269 (E.D. Pa., July 13, 1989), a plaintiff claimed that the car she was operating accelerated instead of braking when she pressed the brake pedal. The car was not preserved, and the court granted summary judgment in favor of the defendant, quoting Friend v. The Pep Boys, 3 Phila. 363 (1979), aff'd 292 Pa. Super. 569, 433 A.2d 539 (1981):

> To permit claims of defective product where a purchaser of the product has simply thrown it away after an [*5] accident would both encourage false claims and make legitimate defense of valid claims more difficult. It would put a plaintiff (plaintiff's attorney) in the position of deciding whether the availability of the item would help or hurt his or her case. Where producing the product for defense

inspection would weaken rather than strengthen a case, we unfortunately are obliged to conclude that some plaintiffs and attorneys would be unable to resist the temptation to have the product disappear.

1989 WL at *2.

The logic and policy behind this doctrine is inapplicable to the situation at hand. Although Santore-Umbelina, like the Martin plaintiff, might be said to have been in the position of deciding whether the availability of her diaries would help or hurt her case, the same is true of any party to a lawsuit considering any piece of evidence. Yet, summary judgment is not granted in every case on this basis.

HN3 The spoliation doctrine is unique to product liability for a fairly obvious reason: the existence of a defective product is essential to a product liability case -- if there is no defective product, there is no case. For that reason, the plaintiff bears the burden of the [*6] defendant's inability to examine the product to determine whether or not there was a defect. Here, by contrast, Santore-Umbelina would be entitled to present her case to a jury even if she had never written a diary at all (as are the many discrimination plaintiffs who do not keep diaries). The diaries themselves are not at issue in this case in the way that the actual physical condition of an allegedly defective item is always at issue in a products liability matter.

To extend the spoliation doctrine to a case like this would be to extend it to every case in which evidence that might be useful to a defendant has been arguably destroyed by the plaintiff n1. This is contrary to the summary judgment standard, which does not focus on what material was available to defendant, but on whether the record contains enough evidence to create a genuine issue of material fact. Fed. R. Civ. Pr. 56.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 Defendants did not file a discovery motion to attempt to obtain the diaries.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Defendants have not argued that Santore-Umbelina [*7] fails to meet the Rule 56 standard, and her deposition testimony shows that she does meet the standard, since she will be able to testify at trial about the alleged harassing incidents. Accordingly, summary judgment is not warranted here.

IV. Conclusion

In accordance with the above opinion, the Court now enters the following

ORDER

AND NOW, this 7 day of August, 1998, upon consideration of Defendants' Motion for Summary Judgment and Plaintiffs' response thereto it is hereby ORDERED that:

1. Mario Umbelina's claim for loss of consortium is dismissed with prejudice by stipulation of the parties; and

2. Defendants' Motion for Summary Judgment is DENIED in all other respects.

BY THE COURT:

JACOB P. HART

UNITED STATES MAGISTRATE JUDGE

Service: Get by LEXSEE®
Citation: 1998 U.S. Dist. Lexis 12615
View: Full
Date/Time: Thursday, August 25, 2005 - 1:05 PM EDT

* Signal Legend:
- Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
🅐 - Citing Refs. With Analysis Available
🛈 - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.